COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-452-CR

 

 

MICHAEL SEAN KELLEY                                                       APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

              FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








A jury convicted Appellant Michael Sean Kelley of
two counts of indecency with a child, charged in a single indictment, and
assessed his punishment at twelve years=
confinement for each count.  The trial
court sentenced him accordingly.  In one
issue, Appellant contends that the trial court abused its discretion by denying
his motion for mistrial after the prosecutor engaged in improper jury
argument.  Because we hold that the trial
court did not abuse its discretion, we affirm the trial court=s
judgment.

During the guilt phase of the trial, evidence was
admitted without objection regarding extraneous acts of misconduct by
Appellant.  During the State=s
closing argument the prosecutor said, AThis
case is not about other stuff.  But this
case isn=t over
yet.  We will haveCwhen the
right verdict is reached, we will hear more. 
But for now, this case is about [the complainant].@  The trial court properly sustained Appellant=s
objection and instructed the jury to disregard the patently improper jury
argument but denied Appellant=s motion
for mistrial.








When the trial court sustains an objection and
instructs the jury to disregard but denies a defendant=s motion
for a mistrial, the issue is whether the trial court abused its discretion in
denying the mistrial.[2]  Only in extreme circumstances, when the
prejudice caused by the improper argument is incurable, that is, Aso
prejudicial that expenditure of further time and expense would be wasteful and
futile,@ will a
mistrial be required.[3]  In determining whether the trial court abused
its discretion by denying the mistrial, we balance three factors:  (1) the severity of the misconduct
(prejudicial effect), (2) curative measures, and (3) the certainty of the
punishment assessed absent the misconduct.[4]

Having closely examined the record, we note that
it is replete with evidence not only of the offenses alleged but also of
Appellant=s extraneous acts of
misconduct.  Additionally, during voir
dire, both the State and the defense indicated that if the guilt phase resulted
in a conviction, the jury might hear additional evidence at the punishment
phase of the trial.  After examining the
record as a whole and balancing the appropriate factors, we conclude that the
State=s
argument was not sufficiently egregious to defeat the presumed efficacy of the
trial court=s instruction to disregard.  We overrule Appellant=s sole
issue and affirm the trial court=s
judgment.

 

LEE
ANN DAUPHINOT

JUSTICE

PANEL B:   DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED:  April 6, 2006











[1]See Tex. R. App. P. 47.4.





[2]Hawkins v. State, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).





[3]Id.; see
also Simpson v. State, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003), cert.
denied, 542 U.S. 905 (2004).





[4]Hawkins, 135
S.W.3d at 77; Mosley v. State, 983 S.W.2d 249, 259 (Tex. Crim. App.
1998) (op. on reh=g), cert. denied, 526 U.S. 1070 (1999).